UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LIHUA SONG,<br><br>            Plaintiff,<br><br>      v.<br><br>WENBIN QUE,<br><br>            Defendant. | Case No. 23-cv-02159-VC<br><br>**ORDER GRANTING MOTION TO QUASH SERVICE AND DENYING MOTION TO DISMISS**<br><br>Re: Dkt. No. 28 |

       The motion to quash service is granted, and the motion to dismiss for lack of personal jurisdiction is denied. This ruling assumes the reader is familiar with the facts, the applicable legal standard, and the arguments made by the parties.

       *Service.* Song has not established that Que was properly served under Federal Rule of Civil Procedure 4. *Brockmeyer v. May*, 383 F.3d 798, 801 (9th Cir. 2004). She hasn't shown that the Byron Street address (where a copy of the summons and of the complaint was left) is Que's "dwelling or usual place of abode" or that Que resides in the United States at all. *See* Fed. R. Civ. P. 4(e)(2)(B). Allegations that Que's son lives at the Byron Street property and that Que himself might have once owned it do not suffice, especially when various filings in the underlying Hong Kong action reference Que's residential Hong Kong address. *See* Dkt. No. 16-6; Dkt. No. 24-2; *United States v. Barajas*, 2022 WL 6251017, at *2–3 (N.D. Cal. Sept. 21, 2022).

       Nor has Song shown that service on Que complied with the Hague Service Convention or some other internationally agreed means for accomplishing service, as Rule 4(f) and California law require for people served abroad. *See Brockmeyer*, 383 F.3d at 801–09; *Lebel v. Mai*, 210

Cal. App. 4th 1154, 1160 (2012); Cal. Code Civ. Pro. § 413.10(c). Although Song says she mailed a service packet to the Hong Kong office of one of Que's lawyers, she has not pointed to any law affirmatively authorizing her attempted service, making it ineffective. *Brockmeyer*, 383 F.3d at 801–09.

    *Personal jurisdiction.* Jurisdiction exists for both claims asserted against Que. As to the fraudulent-conveyance claim, Song seeks to unwind transfers of ownership interests in two California properties—transactions that Que allegedly executed in the forum state. That is enough for personal jurisdiction. *See Square 1 Bank v. Lo*, 128 F. Supp. 3d 1257, 1262–63 (N.D. Cal. 2015); *see also Ford Motor Company v. Montana Eighth Judicial District Court*, 141 S.Ct. 1017, 1024–25 (2021).

    As to the enforcement of the arbitration award, Song has identified assets in this district against which she seeks to enforce the award. That is also enough for jurisdiction over Que. *Cerner Middle East Limited v. iCapital, LLC*, 939 F.3d 1016, 1019–20 (9th Cir. 2019); *Glencore Grain Rotterdam B.V. v. Shivnath Rai Harnarain Co.*, 284 F.3d 1114, 1127–28 (9th Cir. 2002); *see also Devas Multimedia Private Limited v. Antrix Corp. Ltd.*, 2023 WL 4884882, at *4 (9th Cir. 2023) (Miller, J., concurring).

    Que argues that these properties are not his assets because they were purchased only by, and belong only to, his wife. But under California law, property "acquired by a married person during the marriage while domiciled in this state is community property." Cal. Fam. Code § 760; *see also In re Brace*, 9 Cal. 5th 903, 914 (2020). Because Que has neither disputed that the assets fall under this presumption nor otherwise rebutted it, Song has done enough to withstand a motion to dismiss. *See Cerner Middle East Limited*, 939 F.3d at 1022.

    **IT IS SO ORDERED.**

Dated: October 16, 2023

                                                        VINCE CHHABRIA
                                                        United States District Judge